UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Wensink Farm Seeds, Inc., ) | Case No. 3:16-cv-1282-JJH |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | Judge Jeffrey J. Helmick |
| ) | |
| vs. ) | |
| ) | |
| Howard N. Lafever *et al.*, ) | |
| ) | |
| Defendants/Counterclaimants. ) | |

**Brief in Support of Motion to Strike Portions of Lafever's Reply Brief**

Seeking summary judgment on their counterclaim, Howard Lafever and French's Hybrid, Inc. (collectively, the "Lafever parties" or "Lafever") had to prove their case so forcefully that no jury could decide against them. They failed, and Wensink Farm Seeds, Inc. exposed their motion as a failure.

Left with the broken pieces of a failed motion, Lafever now abandons its opening brief and tries a redo. It offers a new witness, recasts its entire motion in reliance on that new witness's testimony, and presents a new set of legal theories—all under the guise of a "reply brief." Lafever's brief is an opening brief in reply clothing, and the tale of the tape confirms it: Lafever's opening brief is 8 pages, whereas its "reply" is 20 pages.

That Lafever's opening brief has gaping legal and evidentiary holes that it now tries—yet fails[1]—to fill on reply is exactly why its summary judgment should be denied. In fact, Lafever now concedes that summary judgment should be denied by demanding an

---

[1] Lafever cannot prove the existence of a contract regardless of whether the Court considers the new matter that Lafever filed on reply.

{6320888:4}

"evidentiary hearing."[2] Reply briefs are not the place for new evidence or new legal arguments. Lafever's motion must be judged by the evidence and legal theories on which it based its original motion. The Court should strike the new matter presented on reply.

I. **A party may not offer new evidence or arguments in reply.**

"A reply brief is for replying." *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring). The Sixth Circuit warns against new evidence or arguments in reply:

> Raising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008), *quoting Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002). With a summary judgment reply brief, the due process problem is heightened because the non-movant is facing a potentially dispositive ruling on new facts and arguments with no opportunity to be heard on them. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) ("Loading-up on a reply brief effectively results in a one-sided presentation, which is hopelessly inconsistent with the very premise on which the adversary system is based.")

---

[2] Lafever's "evidentiary hearing" request misses the distinction between: (a) a motion to enforce that is filed in an allegedly settled case; and (b) an independent claim for breach of a settlement agreement. Because this case is the latter, and because everyone's pleading demands a jury, any genuine dispute of a material fact must be decided by jury trial, and not by evidentiary hearing. *See Prime Props. Ltd. v. Badah Enters.*, 2014 WL 265501, 2014-Ohio-206, ¶ 11-13 (Ohio Ct. App.) (rejecting argument that evidentiary hearing is required to resolve claim for breach of a settlement and distinguishing from a motion to enforce settlement).

To avoid unfair prejudice, a court must treat the new matter as waived or allow the filing of a sur-reply brief by the aggrieved party. *See Seay v. Tennessee Valley Authority*, 339 F.3d 454, 480-81 (6th Cir. 2003). Courts prefer waiver over a sur-reply because the latter creates more work for everyone except the wrongdoer, *i.e.*, the movant. *See Abraitis v. United States*, No. 1:11-cv-2077, 2012 WL 2885586, at *1-2 (N.D. Ohio July 13, 2012).

## II. Much of Lafever's reply brief is new and should be stricken.

Lafever's opening brief relied on one declaration by Howard Lafever and rested on one legal contention: that the emails attached to Lafever's declaration formed a binding settlement contract. Lafever's reply brief is improper for it introduces new evidence (the declaration of Lafever's former attorney, Connor Kinsey) and new legal theories.

Kinsey's declaration—which is dated *after* Wensink's opposition—is improper because it should have been filed (if at all) with Lafever's opening brief. The Lafever parties chose to rely entirely on Howard Lafever's declaration as the factual basis for their summary judgment motion, and they must now live with that decision.

Section II (pages 2-5) of the reply brief is not true reply material. Rather, it is a statement of facts—like you would find in an opening brief—that cites extensively to the new Kinsey declaration. Anything new or different in that section should have been in the opening brief. Also, it is unfair (and illogical) for Lafever to label its new facts as "undisputed" in a reply brief when its procedural maneuvering deprived Wensink of any opportunity to dispute those new facts. It is also illogical to think that Wensink would agree with the pro-Lafever characterizations of the evidence by Lafever's former attorney.

Section III.A (pages 5-9) are not reply arguments, but are recasts of Lafever's opening argument that the email exchanges constitute a binding contract with new caselaw citations and new cites to the improper Kinsey declaration. Section III.A should be stricken because it is not true or proper reply argument, and it relies on new evidence.

Section III.C (pages 14-17) is a new argument and should be stricken. It argues that Wensink's attorney had authority to bind the Wensinks to a settlement contract. But Lafever needed to prove the existence of authority to prove contract formation, which it failed to do. *See Prime Props.*, 2014-Ohio-206, ¶ 18-19. Lafever did not mention the word "authority" anywhere in its opening brief and made no attempt to prove that critical part of its claim. A reply is too late for trying to prove elements of a claim for the first time.

Section III.D (pages 17-18) is a new argument and should be stricken. Lafever's motion for summary judgment never argued or tried to prove that the release provision of the purported settlement agreement applied to Counts 1-3 in Wensink's complaint. Thus, it waived that argument, and it cannot now try to do what it waived in its opening.

**Conclusion**: The Court should strike the Kinsey declaration and Sections II, III.A, III.C, and III.D of the reply brief.

Respectfully submitted,

Dated: September 9, 2016

 s/ Matthew J. Cavanagh
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
mcavanagh@mcdonaldhopkins.com
*Counsel for Wensink Farm Seeds, Inc.*

<u>Certificate of Service</u>

I hereby certify that on September 9, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

  <u>s/ Matthew J. Cavanagh</u>
*Counsel for Wensink Farm Seeds, Inc.*

{6320888:4}

<u>L.R. 7.1(f) Certification</u>

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 20 pages.

  <u>s/ Matthew J. Cavanagh</u>
*Counsel for Wensink Farm Seeds, Inc.*

{6320888:4}