UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Wensink Farm Seeds, Inc., | ) | Case No. 3:16-cv-1282-JJH |
|     Plaintiff/Counterclaim-Defendant, | ) ) ) | Judge Jeffrey J. Helmick |
| vs. | ) ) | |
| Howard N. Lafever *et al.*, | ) ) | |
|     Defendants/Counterclaimants. | ) | |

### Reply Brief in Support of Motion to Strike Portions of Lafever's Reply Brief

Wensink moved to strike because Lafever broke the universal rule that a summary judgment movant cannot offer new evidence and new legal theories in its reply brief. Lafever's opposition admits—as it must—that it did introduce new evidence and "new arguments."[1] Lafever insists, however, that an exception should be made because: (i) Wensink did not cite Rule 12(f), which is irrelevant to Wensink's motion; (ii) its attorney offered to let Wensink file a sur-reply brief, which is disfavored because it creates more work for everyone but the wrongdoer; and (iii) it now agrees to withdraw two paragraphs of Kinsey's declaration, which is an admission that Lafever did file new, improper evidence.

The new evidence and new legal analysis in Lafever's reply brief should have been in its opening brief, and its opposition to Wensink's motion fails to show good cause for why the Court should consider that new matter in its unrebutted state. The Court should grant Wensink's motion and exclude the new matter accordingly.

---

[1] (*See* Lafever Opp., ECF # 21, at 7 (admitting its reply had a "restatement of facts with new arguments predicated upon those facts") & 8 (admitting Kinsey declaration contained "'new' evidence").)

{6375128:2}

I.      **Lafever's invocation of Rule 12(f) is mistaken.**

Lafever's procedural objection that Wensink did not cite to Federal Rule of Civil Procedure 12(f) misses the mark. (Opp. 1-2.) Wensink did not cite Rule 12(f) because it did not move under that rule. Rule 12(f) only applies to motions to strike material "from a pleading." Fed. R. Civ. P. 12(f). Wensink does not seek to strike part of a pleading, but instead asks this Court to exclude (*i.e.*, strike from its consideration) improper evidence and arguments. Caselaw, and not Federal Rule 12(f), authorize the grant of that relief to Wensink. *See Abraitis v. United States*, No. 1:11-cv-2077, 2012 WL 2885586, at *1-2 (N.D. Ohio July 13, 2012) (treating new arguments and new evidence in reply brief as waived and excluding them from consideration).[2]

Indeed, this Court repeatedly grants "motions to strike" that ask the Court to exclude evidence or arguments that—as here—were improperly submitted with something other than a pleading. *See, e.g., Selective Ins. Co. of the SE v. RLI Ins. Co.*, No. 5:12-cv-02126, 2016 WL 5118308 (N.D. Ohio Sept. 21, 2016) (Pearson, J.) (granting motion to strike letter as evidence in Court's summary judgment consideration); *Corey v. Sedgwick Claims Mgmt. Servics.*, No. 1:15-cv-1736, 2016 WL 3544719, at *7 (N.D. Ohio June 28, 2016) (Gaughan, J.) (granting motion to strike new evidence); *Forgues v. Select Portfolio Servicing, Inc.*, No. 1:15-cv-1670, 2016 WL 1588665, at *3 (N.D. Ohio April 20, 2016) (Gwin, J.) (granting motion to strike certain paragraphs of affidavit filed in opposition to summary judgment motion).

---

[2] Lafever's attempts to distinguish the federal appeals cases cited by Wensink are not availing. In fact, the reasons for prohibiting new arguments or evidence in an appeal reply brief (where new issues can be addressed at oral argument) apply even more forcefully to a summary judgment reply brief where oral argument usually does not occur.

Wensink's motion to strike, therefore, is a proper procedural mechanism for excluding new material from this Court's consideration.

II. **The Court should grant Wensink's motion as to paragraphs 16 and 18 of the Kinsey declaration because Lafever admits they are "new evidence."**

Lafever's opposition concedes that paragraphs 16 and 18 of the Kinsey declaration are new evidence and consents to excluding them from this Court's review. It states:

> Therefore, the only "new" evidence is paragraphs 16 and 18, and Defendants do not object to their removal.

(Opp. at 8.) So the Court should strike paragraphs 16 and 18 of the Kinsey declaration.

III. **The Court should exclude the rest of the Kinsey declaration.**

The Court should strike the rest of the Kinsey declaration and its attachments because defendants "submit" that the only evidence that this Court should consider is what was filed with Lafever's opening brief, namely: (a) the emails between the parties' attorneys, and (b) the fact that Lafever and French's signed the draft settlement document. (Opp. at 7-8 ("Defendants submit that the signed Settlement Agreement, coupled with the emails between counsel, constitutes a binding and enforceable contract.").)

Wensink's summary judgment opposition did _not_ object to the admissibility of those attorney emails or to Lafever's affidavit testimony that he and French's signed the draft agreement. (Wensink SJ Opp. at 5, ECF # 12.) Wensink objected to "everything else" in Lafever's affidavit (e.g., his characterizations of the emails, and hearsay statements about what the attorneys stated to each other over the phone)—evidence that Lafever now says it does not need. Since the emails and signed draft document were already before this Court (without objection) via Lafever's affidavit, there was no good cause for Lafever to resubmit

those facts with a new affidavit from its attorney on reply—an affidavit that Lafever describes as a "nearly carbon copy" of Lafever's declaration. (Opp. at 7.) Furthermore, an evidentiary objection by Wensink is not good cause for filing new evidence on reply, and Lafever offers no legal authority holding otherwise. The Court should entirely exclude Kinsey's declaration and its attachments.

IV. **Lafever's "evidentiary hearing" demand admits there is a factual dispute that precludes summary judgment.**

Lafever's argument that *Prime Props.* does not require a denial of summary judgment misunderstands why Wensink cited to that case. (Opp. 4-5.) A court decides whether a settlement agreement exists in two ways: (i) by a motion to enforce settlement filed in the case that the settlement allegedly terminated, or (ii) by adjudicating an independent claim for breach of contract. "These are two different mechanisms not to be conflated." *Prime Props Ltd. v. Badah Enters.*, 2014 WL 265501, 2014-Ohio-206, ¶ 10 (Ohio Ct. App.). When a motion to enforce involves a factual dispute, the court must hold an "evidentiary hearing" to resolve it. *See Kukla v. Nat'l Distllers Prods. Co.*, 483 F.2d 619, 622 (6th Cir. 1973); *see also Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376-77, 79 N.E.2d 337 (1997). In contrast, when there is a factual dispute in an independent breach of contract claim, summary judgment must be denied and the factual dispute must be decided by a jury trial. *See 60 Ivy Street Corp. v. R.C. Alexander*, 822 F.2d 1432, 1436 (6th Cir. 1987) (reversing summary judgment where dispute over contract formation presented jury question).

Lafever demanded an "evidentiary hearing" and cited to the *Kukla* and *Mack v. Polson* cases, (*see* Reply, ECF # 19, at 6). The evidentiary hearing described by those cases, however, involved a motion to enforce settlement, and not an independent claim for

breach of contract. By demanding an evidentiary hearing under those authorities, Lafever necessarily contends that there is a genuine dispute of material fact. Otherwise, there would be no reason to request an evidentiary hearing. But because Lafever has asserted an independent claim for breach of contract, the factual dispute that it perceives must be decided by jury trial, and not by evidentiary hearing. *See 60 Ivy* Street, 822 F.2d at 1436; *see also Prime Props.*, 2014-Ohio-206, ¶ 12. This is why Wensink cited to *Prime Props.*, and it is yet another reason for why this Court should deny Lafever's summary judgment motion.

V.  **The challenged reply arguments should have been presented, if at all, in Lafever's opening brief.**

Lafever contends that the challenged sections of its reply brief were proper reply to Wensink's opposition because Wensink's opposition arguments "were not reasonably foreseeable." (Opp. at 3.) But the legal question is not foreseeability—although Wensink's arguments on these points were foreseeable.[3] The questions are whether the "reply" evidence is new and whether the new arguments should have been in the opening brief. *See Abraitis*, 2012 WL 2885586, at *1.

As to the new "fact section" in the reply brief, Section II, Lafever already presented a statement of facts in its opening brief. The law does not allow Lafever to provide a new statement of facts in its reply brief, and Lafever's opposition does not cite any authority that would permit it to do so. The new fact section is especially improper because it relies entirely on the new Kinsey declaration (*see* Reply, ECF # 19, at 2-5), and does not cite to the

---

[3] For example, because Lafever failed to analyze how the purported release provision applied to specific Wensink claims, it was foreseeable that Wensink's opposition would highlight that missing analysis. But Wensink identifying the missing analysis is not justification for Lafever to provide that analysis for the first time in a reply brief.

evidence that Lafever filed with its summary judgment motion, which is the evidence to which Wensink responded.

As to the "authority" argument in Wensink's reply, Section III.C, Lafever knew when it moved for summary judgment that all negotiations occurred entirely between attorneys. So the law required it—as part of its *prima facie* case—to prove that Wensink's attorney had authority to bind the Wesninks to settlement. *See Prime* Props, 2014-Ohio-206 ¶ 18-19 (holding that, to prove a binding contract was formed, plaintiff must prove a lawyer had authority to bind the client). Because Lafever's opening motion failed to even mention, much less prove, the authority element of its breach claim, it waived that argument. A reply brief is too late for a first attempt to prove an essential element of a claim.

As to Lafever's analysis of whether the release provision of the draft agreement would apply to Counts 1-3, Section III.D, this too should have been in the opening brief. Lafever had the burden to dispositively prove that the release bars each of Wensink's claims. Because Lafever's opening brief made no attempt to analyze the release provision or to show how its scope could encompass Counts 1-3, Lafever waived the opportunity to prove that part of its case. Because Lafever skipped that step, there was no legal analysis for Wensink to rebut in its opposition brief. Again, a reply brief is not the place to try and prove an essential element for the first time.

Section III.A of Lafever's reply is nothing more than a recast of the offer-acceptance analysis from its opening brief with citations to new cases and cites to the new Kinsey declaration. Lafever should have included all of the caselaw support and fact citations for

its offer-acceptance analysis with its opening brief. A reply brief is not the place to restate an opening argument with new law and new facts.

## Conclusion

The Court should strike the Kinsey declaration (ECF # 19-1) and Sections II, III.A, III.C, and III.D of Lafever's summary judgment reply brief (ECF # 19).

Respectfully submitted,

Dated:  October 5, 2016

   s/ Matthew J. Cavanagh
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Counsel for Wensink Farm Seeds, Inc.*

<u>Certificate of Service</u>

I hereby certify that on October 5, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

   <u>s/ Matthew J. Cavanagh</u>
*Counsel for Wensink Farm Seeds, Inc.*

{6375128:2}

<u>L.R. 7.1(f) Certification</u>

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 15 pages.

 s/ Matthew J. Cavanagh<br>
*Counsel for Wensink Farm Seeds, Inc.*

{6375128:2}